458. Plaintiff was ejected from the second car on the theory—which is now urged on this appeal—that he had no right to continue his journey thereon under any circumstances. But as he did have such right, it follows that he has a cause of action against the defendant for breach of contract of carriage. Monnier v. N. Y. C. & H. R. R. Co., 175 N. Y. 281, particularly at 288, 290, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619. It should be noted here again that there was no competent proof in the case at bar of any regulation of the company, and, of course, none as to the reasonableness of such regulation.

[5] Incidentally, respondent urges that this was not a "short service" car, for the reason that Astor Place is a separate terminal. I doubt whether, under the circumstances of this case, respondent's position would be bettered, even if that were so. But I do not think that the respondent can successfully maintain that the end of this short spur, some 300 feet long, is a separate terminal. Moreover, the very inscription on the car involved in this case, "Astor Place *Only*," indicates the respondent's own view of Astor Place, not as a terminal, but as a point on the line at which the cars are turned back—not going all the way along the line, but to Astor Place *only*.

As the determinative considerations hereinabove reviewed, and other points to which I have not adverted, were adequately presented at the trial below by due objections to evidence, exceptions to the charge, and requests to charge, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

[6] One other point, urged by appellant, remains to be considered. Respondent's counsel, on the previous trial, had conceded, upon certain terms, that if judgment were rendered in favor of plaintiff the award of damages might be $500, and plaintiff appellant insists that such concession was binding upon the trial now reviewed. I think the stipulation, by its very terms, shows plainly that it was limited to the trial at which it was given, and is, therefore, no longer binding; but, even if that were not so, the court below at the present trial quite properly relieved the respondent from it.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

PEOPLE ex rel. WORONOFF et al. v. MALLON, Warden, et al. (No. 6704.)

(Supreme Court, Appellate Division, First Department. December 24, 1914.)

1. FALSE PRETENSES (§ 26\*)—COMPLAINT—FINANCIAL STATEMENT.

 Penal Law (Consol. Laws, c. 40) § 442, gives to a seller of goods the right to inspect the buyer's books of account, on his failure to pay for the goods whenever the purchase has been made by aid of a written financial statement, signed by the buyer, in which he shall state that he conducts a specified kind of business, and keeps books of account, and declares that the buyer's failure to produce the books within a prescribed period after notice shall be presumptive evidence that all pretenses relating to the buyer's ability to pay contained in the statement were false at the time of making them, and were known to him to be false. *Held*,

that a complaint for larceny for obtaining goods on false pretenses as to the buyer's solvency, alleging that the goods were sold to accused on credit, based on a consideration of his written financial statement, made to commercial agencies, showing his business to be in a solvent condition and describing books of account from which the statements were made, and that, on his failure to pay, notice was given to produce the books for inspection, with which notice he did not comply, was sufficient.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 31; Dec. Dig. § 26.*]

2. FALSE PRETENSES (§ 2*)—EVIDENCE—PRESUMPTIONS—STATUTORY PROVISIONS.

Penal Law, § 442, providing that where goods are obtained on a buyer's financial statement, and on his failure to pay he fails to produce his books within a prescribed period after notice, such failure shall be presumptive evidence that all pretenses relating to his means or ability to pay contained in the statement were false at the time of making them, and were known to him to be so, was not unconstitutional for unreasonableness, but was a valid exercise of the Legislature's power to provide that, when certain facts have been proven, these shall be prima facie evidence of the existence of a particular fact in question.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 2; Dec. Dig. § 2.*]

3. CRIMINAL LAW (§ 393*)—PRIVILEGE OF ACCUSED NOT TO TESTIFY.

Penal Law, § 442, providing that a buyer's failure to pay for goods purchased on a written financial statement, and his failure after notice to produce his books, shall be presumptive evidence that the statement was false, is not unconstitutional, as compelling the buyer, when prosecuted for larceny in obtaining goods on false pretenses as to his solvency, to testify against himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 871–874; Dec. Dig. § 393.*]

Appeal from Special Term, New York County.

Habeas corpus, on relation of David Woronoff and another, against Peter A. Mallon, as Warden, etc., and others. From a decree dismissing the writ, relators appeal. Affirmed.

The opinion of BISCHOFF, J., at Special Term, is as follows:

The question presented upon this return to a writ of habeas corpus is whether the information before the magistrate sufficed for a case of larceny in obtaining goods upon false pretenses as to the buyer's solvency. It is set forth in the information that these relators obtained the complainant's goods on credit; that they were shortly afterward adjudged bankrupt; that the credit for the price of the goods was given them after examination by the complainant of a written statement as to their financial condition, furnished ten months before to commercial agencies, and to which statements relators referred the complainant, "representing that those statements contained the true and accurate condition of their business"; that the statements showed the business to be in a solvent condition, and described books of account from which such statements were made; and that the relators thereafter, upon their failure to pay for the goods, were given notice to produce the books referred to for inspection by the complainant in accordance with section 442 of the Penal Law, with which notice they did not comply.

[1] This statute gives the seller of goods the right to inspect the purchaser's books of account upon his failure to pay for goods sold "whenever property shall be purchased by aid of a statement relating to the purchaser's means or ability to pay, made in writing and signed by the party to be charged, and in said statement the party to be charged shall state that he conducts a specified kind of business and keeps books of account of said business," and further

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provides that the purchaser's failure to produce the books within a prescribed period of notice "shall be presumptive evidence that each and every pretense relating to the purchaser's means or ability to pay in said statement contained were false at the time of making said statement and were known to the purchaser to be false." Giving effect to this presumption, the facts stated in the information contain every element necessary to establish the crime charged; it being apparent from the averments presented to the magistrate that the representations were material, that they were relied upon, and that they were made to induce the delivery of the property to the relators. So far as it is claimed that the reference by the relators orally to the earlier written statement could not be relied upon for the purposes of the charge of larceny, which must be founded upon misrepresentations made in writing (Penal Law, §§ 947, 442), it suffices to say that upon the facts the possession of the property was obtained "by aid of a statement made in writing" (section 442) and "by means of a false pretense made in writing" (section 947). The same question was considered in People v. Levin, 119 App. Div. 233, 104 N. Y. Supp. 647, and the oral statement, as set forth in this information, sufficiently connected the earlier written statement with the relator's solvency at the time for the purposes of a criminal prosecution within that authority.

[2] The contention that the presumption of fact prescribed by section 442 of the Penal Law is unreasonable, and so unconstitutional, appears to be without merit. As was said in People v. Cannon, 139 N. Y. 32, at page 43, 34 N. E. 759, 762 (36 Am. St. Rep. 668): "It cannot be disputed that the courts of this and other states are committed to the general principle that even in criminal prosecutions the Legislature may with some limitations enact that when certain facts have been proven they shall be prima facie evidence of the existence of the main fact in question. * * * The limitations are that the fact upon which the presumption is to rest must have some fair relation to, or natural connection with, the main fact." Board of Comm'rs, etc., of Auburn v. Merchant, 103 N. Y. 143, 148, 8 N. E. 484, 57 Am. Rep. 705; Reitler v. Harris, 223 U. S. 437, 32 Sup. Ct. 248, 56 L. Ed. 497; Cooley, Const. Limitations (7th Ed.) 409, 524–526. A person's refusal to produce from his own possession books of account which he has deliberately represented to contain entries supporting the truth of a summary statement of account prepared by him has a very fair relation to the probability that the summary statement was false. Such a presumption is analogous to and simply an extension of the common-law rule which permits the inference from nonproduction of a document or witness peculiarly available to a party that the writing or testimony would not support the party's own contention as to the facts. Graves v. United States, 150 U. S. 118, 14 Sup. Ct. 40, 37 L. Ed. 1021; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694; Kirby v. Tallmadge, 160 U. S. 379, 16 Sup. Ct. 349, 40 L. Ed. 463.

[3] Nor does this statute compel a party to testify against himself. He is merely required for his better protection to preserve certain evidence of his honesty which he has represented to persons dealing with him to exist. The situation presented is in no way similar to that considered in Matter of Morgan, 114 App. Div. 45, 99 N. Y. Supp. 775, cited for the relators, since there the presumption was declared by the statute to be open to rebuttal only by particular testimony. Here the presumption, reasonably related to the party's own act or omission, may be met by any competent evidence material to the issue of fact. My conclusion is that section 442 of the Penal Law affords a valid rule of presumptive evidence, and that upon the facts set forth by the complaint the magistrate acquired jurisdiction.

Writ dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

E. Hymes, of New York City, for appellants.

R. C. Taylor, of New York City, for respondents.

PER CURIAM. Order affirmed, on opinion of BISCHOFF, J. Order filed.